

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00048-CV

PHILIP HAMILTON                                                                          APPELLANT

V.

KENNETH SHIELDS                                                                          APPELLEE

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Philip Hamilton filed his brief with this court on May 20, 2013. Among other defects, Hamilton's brief was deficient under subsections (a), (d), (g), (h), (i), and (k) of rule 38.1 and subsections (e), (h), and (i)(3) of rule 9.4. *See* Tex. R. App. P. 9.4(e), (h), (i)(3), 38.1(a), (d), (g), (h), (i), (k).

On May 20, 2013, this court instructed Hamilton to file an amended brief by May 30, 2013, to cure the defects. The court's letter notified Hamilton that failure

---

[1]*See* Tex. R. App. P. 47.4.

to file an amended brief in compliance with the rules identified therein "may result in striking the brief you filed, waiver of noncomplying points, or dismissal of the appeal." *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. Hamilton has not filed an amended brief.[2]

Although only "substantial compliance" with the briefing rules is required, *see* Tex. R. App. P. 38.9, if we determine that the briefing rules have been "flagrantly violated," we may require the appellant to amend, supplement, or redraw his brief. Tex. R. App. P. 38.9(a). If the appellant does not file another brief that complies with the rules of appellate procedure, we may strike the brief, prohibit the party from filing another, and proceed as if the party had failed to file a brief. *Id.*

Because Hamilton has been given notice of the defects in his brief, and because he has failed to cure those defects, we strike his brief and dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED: July 11, 2013

---

[2]On May 30, 2013, Hamilton filed a motion for extension of time to file his brief, which this court denied. Because Hamilton had not filed an amended brief, on June 18, 2013, we notified him for a second time that the appeal could be dismissed. Hamilton responded to our second notice, but his response does not reasonably explain the failure to file a brief. *See* Tex. R. App. P. 38.8(a).